OPAPO AFUALO, Plaintiff

v.

PUAILOA TAVETE and SIUFAGA FANENE, Defendants

T.M. PUAILOA, MOEA'I UILIATA, ALAI'A FILIFILI,
and PENIROSA FANENE, Plaintiffs/Objectors

v.

OPAPO AFUALO, Claimant/Defendant

High Court of American Samoa
Land and Titles Division

LT No. 7-88
LT No. 3-89

July 11, 1990

Before REES, Associate Justice, AFUOLA, Associate Judge, and
MATA'UTIA, Associate Judge.

Counsel: For Afualo, Gata E. Gurr
         For Puailoa and Fanene, Charles V. Ala'ilima
         For Moea'i, Tau'ese P.F. Sunia

11

On Motion for Reconsideration:

Opapo Afualo moves for reconsideration of our decision that he does not own the land included within his survey. He relies on the principle that "the person in possession of land is the owner of the land as against anybody except the legal owner." *Mageo v. Government of American Samoa*, 4 A.S.R. 874, 880 (1963).

It is true that Afualo has been in possession (although not for long enough to establish a claim by adverse possession) of at least part of the land he has offered for registration. It is also true that the Court did not decide which of the other parties is the true owner of the land. Rather, we found that the best evidence of historic occupation and cultivation was by the chiefs of Faleniu, of whom Moea'i and Alai'a were parties to the present case. We also found, however, that this occupation and cultivation may or may not have been under a license from Puailoa, also a party to the case. We held that the present record was insufficient to decide whether the land is owned by Puailoa or by one or more chiefs of Faleniu.

On these facts, Afualo's claim that he should be allowed to register the land is without merit. To allow registration by someone who has been shown not to be the owner of the land would contravene the letter and purpose of the registration statutes. Nevertheless, the common law rule recognized in the *Mageo* case would appear to entitle Afualo to continue in his present *possession* of the land until ousted by someone who can prove he is the true owner.

Because it has been established that the land is owned either by Puailoa or by one or more of the Faleniu parties, these parties collectively might be entitled to evict Afualo if they were united in demanding eviction. At the hearing on the present motion, however, counsel for the Faleniu parties informed the Court that his clients are willing to let Afualo remain for the time being. In light of this information the *Mageo* rule, or a corollary of it, does appear applicable. If the Faleniu parties themselves were presently in possession, Puailoa would not be entitled to evict them without proving a better title. He has no greater rights against a possessor who has the permission of the Faleniu parties to remain on the land. Afualo can remain on the land as the licensee of the Faleniu parties until ousted by someone who can prove a better title than theirs.

Counsel for Puailoa points out, however, that Afualo formerly occupied the land by permission of Puailoa. He argues that a licensee should not be heard to set up an imperfection in his licensor's title as a defense against eviction by the licensor. This argument would be most persuasive outside the special circumstances of this case. Afualo's parents came on the land not by permission of Puailoa but because of their connection with the Church that was the former occupant of an adjacent tract. Later, when this adjacent tract was held to be the property of Puailoa, Afualo made an accommodation with Puailoa. His right to reach a similar accommodation with the Faleniu parties --- who have actively contested Puailoa's claim to the land in dispute, and whose claim, on the evidence now before us, would appear at least as strong as that of Puailoa --- is not defeated by his former arrangement with Puailoa.

To put it another way, a jilted licensee cannot ordinarily attack his licensor's title because legal title is none of the licensee's business. In the present controversy, however, the ownership of the tract now occupied by Afualo is very much the business of the Faleniu parties, just as it is of Puailoa. Until one side proves a better title than the other, neither can disturb the peaceable possession of the other or of persons occupying by permission of the other. That such an occupant once had permission of Puailoa does not vitiate the right of the Faleniu parties to grant a similar permission pending resolution of the question of ownership.

Finally, we note that if Puailoa is the true owner of this land he need not be inconvenienced for long by Afualo's presence. Another case now pending before the Court, LT No. 8-87, presents the question of Puailoa's claim to the western slopes of the Malaeimi valley including almost all the land involved in the present case. Puailoa and Moea'i are parties to LT No. 8-87; for reasons discussed in our previous opinion, Alai'a and other chiefs of Faleniu may be entitled to intervene. Should Puailoa prevail over the Faleniu parties in LT No. 8-87, he will be free to evict them and their licensees, including Afualo.

Our judgment is modified as follows: Afualo's offer of registration is denied. Puailoa is enjoined from interference with Afualo's use of or access to the land within the Afualo survey. All parties are enjoined from planting crops in areas within the Afualo survey not currently occupied by their crops, and from building new structures on the land within the Afualo survey. This judgment is without prejudice to the rights of Puailoa and the Faleniu parties to press their claims to

13

ownership of the land in LT No. 8-87 or other subsequent litigation and to exercise all the rights of ownership over such land as they should be held to own in such subsequent litigation.

It is so ordered.